MEMORANDUM **
California state prisoner Lionel Taplin appeals from the district court’s judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Taplin contends that statements made by the prosecutor in closing argument violated his right to due process. First, Taplin argues that the prosecutor’s arguments regarding the taped statement of Dexter Goodman constituted misconduct. Even assuming that the prosecutor’s statements were improper, Taplin has failed to establish that these statements “so infected the trial with unfairness as to make the resulting conviction a denial of due process.” Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting Donnelly v. DeChristo-foro, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). Given the weight of the evidence indicating that the drugs seized in Taplin’s bedroom closet belonged to him, Goodman’s taped statement that he was the owner of the drugs was insufficient to create reasonable doubt on this point. Because Taplin cannot establish *938 that the prosecutor’s statements “had substantial and injurious effect or influence in determining the jury’s verdict,” Brecht v. Abrahamson, 507 U.S. 619, 622, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting Kot-teakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)), the district court did not err in denying this claim.
Taplin also argues that the prosecutor’s statements regarding the presumption of innocence constituted misconduct. The district court did not err in determining that the prosecutor’s subsequent statements and the court’s instructions to the jury were curative.
Finally, Taplin contends that the prosecutor introduced evidence previously excluded under Miranda, engaged in vouching, and argued that prosecution experts were entitled to more credence than other witnesses. Because these claims were not raised before the district court in the habeas petition, they are not cognizable on appeal. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994).
We deny Taplin’s request to expand the certificate of appealability to include his claim that defense counsel was ineffective in failing to object to the prosecutor’s statements. See 9th Cir. R. 22-1 (e).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.